UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AKEELIA ADAMS-SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00711-PLC |
| ) | |
| LELAND DUDEK, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Akeelia Adams-Smith's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] and Motion for Appointment of Counsel [ECF No. 3]. The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, and waives the filing fee. Additionally, the Court provides Plaintiff the opportunity to file an amended complaint on the enclosed form and denies without prejudice her motion to appoint counsel.

**I.  Application to Proceed Without Prepaying Fees or Costs**

Plaintiff filed a pro se Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 2] In her application, Plaintiff states her expenses exceed her income and that she has only $200 in savings, which is already earmarked for paying bills. Having reviewed the Application to Proceed and supporting financial information, the Court finds that Plaintiff is unable

---

[1] Leland Dudek became the Acting Commissioner of the Social Security Administration on February 16, 2025. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted for former Acting Commissioner Michelle King as the defendant in this action.

to pay the costs associated with this action. *See* 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants the Application and waives the filing fee.

## II.     Initial Review of the Complaint

### A.  Legal Standard on Initial Review

Because the Court has granted Plaintiff's Application to Proceed Without Prepaying Fees or Costs, her complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### B. The Complaint

Plaintiff brings this action against the Social Security Administration ("Agency"), alleging employment discrimination and hostile work environment based on race and disability. In the "Statement of Claims" section of her complaint, she asserts: "I have been discriminated against due to my disability and hostile work environment. . . . I am suing for damages. I have over [a] million in medical bills[.]" Beyond these conclusory statements, the complaint lacks specific factual allegations. Instead, Plaintiff appends an Equal Employment Opportunity Commission (EEOC) Decision affirming the Agency's finding of no discrimination.

The Decision reflects that Plaintiff worked as a Claims Specialist in the Supplemental Security Income ("SSI")/Title XVI unit at the Agency's Florissant, Missouri office. Plaintiff's claim of race and disability discrimination arose from events on October 16, 2019, when her supervisor assigned her five SSI redeterminations to complete that day. Plaintiff was scheduled to interview claimants from 8:00 a.m. to 12:00 p.m., after which she would have "desk time" to complete other work. After completing four interviews, Plaintiff informed her supervisor that the process was taking longer than expected and requested assistance with the interviews or additional "desk time." In response, the supervisor reassigned her remaining redetermination and extended the deadline for her afternoon tasks but did not extend her "desk time." Plaintiff alleged employer discriminated against her on the bases of her race and disability by denying her sufficient time to complete her workload. The EEOC Decision states that the supervisor had assigned the same number of redeterminations to all employees in the same position that day and allotted them the same amount of time to complete the work.

3

Plaintiff also raised a claim of hostile work environment based on her race and disability due to the Agency's: (1) failure to provide reasonable accommodations, (2) assignment of duties, and (3) working conditions. Plaintiff's alleged disabilities included a speech impairment, chronic pain syndrome, depression/anxiety, and nystagmus. In July 2016, Plaintiff provided her supervisor with a letter from her psychiatrist recommending that she be permitted to take short, unscheduled breaks during anxiety attacks. The supervisor approved this request as a reasonable accommodation. Plaintiff later used Family Medical Leave Act leave and requested additional leave without pay, which was also approved. According to the Decision, the Agency provided other accommodations, including email grouping and goal-oriented workload prioritization.

On July 22, 2019, Plaintiff informed another supervisor that she needed to leave early due to an allergic reaction. The supervisor observed Plaintiff experiencing difficulties with her motor functions. Following this incident, management noted other concerns, including slurred speech and confusion. Plaintiff also missed several days of work due to an illness.

On October 11, 2019, the supervisor issued a letter expressing concerns about Plaintiff's health and ability to perform her job. Plaintiff perceived the letter as containing racial stereotypes and defamatory allegations. The supervisor claimed to be unaware of Plaintiff's speech impediment. While Plaintiff did not assert that the Agency had denied her reasonable accommodations, she argued that the October 11 letter was inappropriate considering her disabilities.

C. Discussion

Liberally construing Plaintiff's allegations, the complaint fails to state a plausible claim to relief. Plaintiff cannot rely solely on the EEOC Decision to supply the necessary factual allegations for her claims. Federal pleading standards require that a complaint contain sufficient factual matter to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678. While a court may consider

4

documents attached to a complaint, such documents do not substitute for the requirement that a plaintiff plead specific facts to support her claim. *Aery v. Arhart*, No. 21-CV-111 (PJS/TNL), 2021 WL 5413876, at *1 (D. Minn. June 3, 2021) (Federal Rule 8(a)(2) requires "the pleading to set forth the factual basis for the claims being raised, rather than merely gesturing to an exhibit and implying that the relevant factual allegations can be found there.").

Further, the complaint does not comply with Local Rule 2.06, which provides: "All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable." For these reasons, Plaintiff's complaint is subject to dismissal. However, considering Plaintiff's self-represented status, the Court will allow her to file an amended complaint in accordance with the instructions below.

### D.  Instructions for Amending the Complaint

Pursuant to Local Rule 2.06, Plaintiff shall file her amended complaint on the enclosed form. The amended complaint must include specific facts supporting Plaintiff's claims of discrimination based on race and disability. Plaintiff should describe what actions the Agency took that she believes were discriminatory, when those actions occurred, and how they were connected to her race or disability. If Plaintiff alleges a hostile work environment, she must specify what conduct created the alleged hostile environment, who was involved, and how it affected her employment.

Additionally, Plaintiff should clearly identify the legal basis for her claims (e.g., Title VII of the Civil Rights Act, the Americans with Disabilities Act, or the Rehabilitation Act) and attach all supporting documentation, including her original charge of discrimination and the subsequent administrative decisions. However, as explained above, these documents cannot substitute for factual allegations in the complaint itself.

An amended complaint completely replaces the original complaint, meaning any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Because Plaintiff is proceeding without prepaying fees or costs, the Court will review her amended complaint under 28 U.S.C. § 1915. If Plaintiff does not file an amended complaint on the Court-provided form within 30 days per the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

### III. Motion for Appointment of Counsel

Plaintiff has also filed a Motion for Appointment of Counsel. [ECF No. 3] Civil litigants do not have a constitutional or statutory right to appointed counsel. *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having considered these factors, the Court finds that the appointment of counsel is not warranted at this time. Neither the factual nor legal issues in this case appear complex. The Court may entertain future motions for appointment of counsel as the case progresses.

### IV. Conclusion

For the foregoing reasons, the Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and waives the filing fee in this matter. Additionally, the Court directs Plaintiff to submit an amended complaint on the enclosed form in accordance with the instructions provided herein. Finally, the Court denies Plaintiff's Motion for Appointment of Counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to Plaintiff a copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that, **within thirty (30) days** of the date of this order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 3] is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with the Order will result in the dismissal of this action without prejudice and without further notice.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of March, 2025