**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AKEELIA ADAMS-SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00711-PLC |
| | ) | |
| FRANK J. BISIGNANO, *Commissioner* | ) | |
| *of the Social Security Administration*,[*] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**<u>MEMORANDUM AND ORDER</u>**

The Court previously granted Akeelia Adams-Smith's Motion to Proceed *in Forma Pauperis* but determined that her original Complaint failed to state a claim upon which relief could be granted.  Doc. [8].  The Court directed Adams-Smith to file an amended complaint, and the Court provided specific instructions on the factual detail required to survive review under 28 U.S.C. § 1915(e)(2)(B).  *Id.* at 5.  After a review of the Amended Complaint, for the reasons set forth below, the Court will dismiss Adams-Smith's race discrimination claim, construe her claim under the Americans with Disabilities Act as a claim under the Rehabilitation Act of 1973, and direct Adams-Smith to supplement the record for further review.

---

[*] Frank J. Bisignano became the Commissioner of the Social Security Administration on May 7, 2025.  Pursuant to Fed. R. Civ. P. 25(d), the Court substitutes Commissioner Bisignano as Defendant in this action.

## I.    Background

Adams-Smith, an employee of the Social Security Administration ("SSA"), brought this action against the Commissioner of Social Security under Title VII of the Civil Rights Act and Title I of the Americans with Disabilities Act.  Doc. [9] at 1–2. She asserts claims for failure to accommodate, disparate treatment, retaliation, harassment, and a hostile work environment based on her race and disability.  *Id.* at 2, 5.  Adams-Smith alleges she suffers from "major depression" and vision issues.  *Id.* at 6.  She states that since 2016, she has missed a significant amount of work due to the SSA's harassment and failure to accommodate her disability.  *Id.*

Adams-Smith recounts her October 2016 request for accommodation.  *Id.* at 6. She states that the SSA provided 20-inch monitors in response to her request, but her supervisor prohibited her from taking the monitors home when the office went remote during the COVID-19 pandemic.  *Id.*  Although Adams-Smith eventually received monitors for home use, she alleges the initial denial caused severe depression.  *Id.*

Adams-Smith claims the SSA suspended her in retaliation for filing a claim with the Equal Employment Opportunity Commission ("EEOC").  *Id.* at 6.  She reports she has filed several EEOC cases against the SSA and wishes to have them all "transferred to federal court."  *Id.*  According to Adams-Smith, the EEOC issued a right-to-sue letter in one case (Appeal No. 2023000695), and her two other EEOC complaints remain pending (Appeal Nos. 2024003067, 2025001254).  *Id.* at 4, 6.  She seeks punitive damages.  *Id.* at 8.

## II.    Discussion

The Court may dismiss a complaint filed *in forma pauperis* if it fails to state a claim or seeks monetary relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B). The Court liberally construes pleadings filed by self-represented litigants but does not supply facts or construct legal theories that assumes facts that have not been pleaded. *Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004).

### A.    ADA Claim Construed as Rehabilitation Act Claim

Federal employees may not bring disability discrimination claims under Title I of the ADA.  42 U.S.C. § 12111(5)(B)(i); *Gardner v. Morris*, 752 F.2d 1271, 1278 (8th Cir. 1985).  The Court construes Adams-Smith's ADA claim as a claim under Section 501 of the Rehabilitation Act.  *See Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011); *see also Simone v. Sec'y of Homeland Sec., United States Dep't of Homeland Sec.*, 156 F.4th 1212, 1216 (11th Cir. 2025) ("[T]he Rehabilitation Act allows federal employees to sue in federal district court if they are the victim of federally prohibited disability discrimination.").

### B.    Race Discrimination Claim

Adams-Smith identifies race as a basis for discrimination but pleads no facts connecting any adverse action to her race.  *See Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013).  She identifies no similarly situated employees outside her protected class who received more favorable treatment, no race-based comments or conduct, and no other factual basis from which the Court could infer race-based animus.

*See id.*  A complaint that pleads only "labels and conclusions" does not state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court therefore will dismiss the race discrimination claim without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.    Punitive Damages

Adams-Smith seeks punitive damages as her sole stated form of relief.  Federal law bars punitive damages against the United States and its agencies in employment discrimination actions.  42 U.S.C. § 1981a(b)(1); *Barnes v. Gorman*, 536 U.S. 181, 189 (2002).  While the Court notes that she cannot recover punitive damages here, the Court need not dismiss her request for damages.  *See Koeller v. Cyflare Sec., Inc.*, 4:25-cv-0410-MTS, 2025 WL 3280316, at \*2 (E.D. Mo. Nov. 25, 2025).  Rather, the Court liberally construes Adams-Smith's request for relief to include compensatory damages, back pay, and equitable relief.  *See Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995) (Posner, J.) (explaining that the Federal Rules of Civil Procedure "entitle [a plaintiff] to a judgment that grants him the relief to which he is entitled even if the complaint failed to ask for that relief").

### D.    Supplementation of the Record

Adams-Smith's Amended Complaint, and the EEOC decision attached to her original Complaint, indicate that she has pursued at least three related matters with the EEOC: (1) EEOC Appeal No. 2023000695, decided on March 20, 2024, affirming the Agency's finding of no discrimination relating to events in October 2019; (2) EEOC

4

Appeal No. 2024003067, which Adams-Smith states remains pending; and (3) EEOC Appeal No. 2025001254, which she also states remains pending.

The Amended Complaint describes conduct spanning multiple time periods, including the October 2019 events addressed in Appeal No. 2023000695, an alleged failure to accommodate during the COVID-19 office closure beginning in March 2020, and an alleged five-day suspension following the filing of an EEOC claim.  The Court cannot determine from the present record which conduct corresponds to which administrative proceeding.  That determination is necessary to assess whether Adams-Smith has exhausted her administrative remedies as to each claim and whether each claim falls within the scope of this civil action.  Therefore, the Court will direct Adams-Smith to supplement the record so that the Court may complete its initial review.

Accordingly,

**IT IS HEREBY ORDERED** that Adams-Smith's race discrimination claim is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that, no later than **Monday, June 15, 2026**, Adams-Smith shall file the following:

    a. The formal complaint, any final agency decision, and any EEOC decision in EEOC Appeal No. 2024003067;

    b. The formal complaint, any final agency decision, and any EEOC decision in EEOC Appeal No. 2025001254; and

    c. A written statement identifying which proceeding relates to each of the following: the letter dated October 16, 2019; the SSA's alleged failure to allow Adams-Smith to take her work monitors home during the

COVID-19 office closure; the alleged five-day suspension; and any other discrete act Adams-Smith intends to pursue in this action.

**If Adams-Smith does not comply with this Order within the time provided, the Court may dismiss this action without prejudice and without further notice.**

Dated this 15th day of May 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

6