**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AKEELIA ADAMS-SMITH,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, *Commissioner of of the Social Security Administration*,<br><br>Defendant. | ) | No. 4:24-cv-00711-PLC |

**MEMORANDUM OPINION**

This matter is before the Court on review of the record. On May 21, 2024, Plaintiff filed this action against the Commissioner of the Social Security Administration alleging employment discrimination and hostile work environment based on race and disability. Doc. [1]. Plaintiff's Complaint contained few factual allegations supporting her claims, and, instead, she appended an Equal Employment Opportunity Commission ("EEOC") Decision in Appeal No. 2023000695, dated March 20, 2024. Docs. [1] & [1-3]. The Decision reflects Plaintiff began using leave under the Family and Medical Leave Act in November 2016, and Defendant provided accommodations in consideration of Plaintiff's medical conditions in the following years. Doc. [1-3]. The Decision addresses Plaintiff's claims arising from Defendant's issuance of a letter on October 11, 2019, that expressed concerns about Plaintiff's health and ability to perform the essential functions of her position and an allegation that Defendant denied Plaintiff sufficient time to complete her work on October 16, 2019. Doc. [1-3]

On March 11, 2025, the Court issued a Memorandum and Order directing Plaintiff: (1) to file an amended complaint on the Court-provided form, with specific instructions guiding Plaintiff

on the completion of the form, and (2) directing Plaintiff to "attach all supporting documentation, including her original charge of discrimination and the subsequent administrative decisions." Doc. [8]; *see* E.D. Mo. L.R. 2.06(A).

On April 8, 2025, Plaintiff filed her Amended Complaint on the Court-provided form. Doc. [9]. Plaintiff alleged race and disability discrimination in the form of a failure to accommodate, disparate treatment, retaliation, harassment, and hostile work environment. *Id.* Plaintiff asserted the discrimination occurred from 2016 through the "letter . . . given 10/16/19[.]" *Id.* Plaintiff stated she filed a charge of discrimination with the EEOC on June 1, 2020, but that she "continue[d] to be harassed," and that she had two pending cases on appeal with the EEOC, Appeal Nos. 2024003067 and 2025001254, for which she had received right to sue letters. *Id.* Plaintiff further alleged Defendant continued to harass her after issuing the October 2019 letter, including failing to timely approve her request to bring her employer-issued 20-inch monitors home when Defendant's office closed during the COVID-19 pandemic. *Id.* Plaintiff also alleged that Defendant suspended her for five days in retaliation for filing an EEOC claim. *Id.* Plaintiff stated that she was attempting to "transfer" her several pending EEOC "cases" to the Court. *Id.*

On May 15, 2026, the Court dismissed Plaintiff's race discrimination claim for failure to state a claim, construed Plaintiff's claim under the Americans with Disabilities Act, 42 U.S.C. § 12111(5)(B)(i), as a claim under Section 501 of the Rehabilitation Act, and directed Plaintiff to supplement the record. Doc. [10]. To clarify the conduct and claims at issue, and to determine whether Plaintiff exhausted her administrative remedies, the Court directed Plaintiff to file:

(a) The formal complaint, any final agency decision, and any EEOC decision in EEOC Appeal No. 2024003067;

(b) The formal complaint, any final agency decision, and any EEOC decision in EEOC Appeal No. 2025001254; and

(c) A written statement identifying which proceeding relates to each of the following: the letter dated October 16, 2019; the Defendant's alleged failure to allow Plaintiff to take her work monitors home during the COVID-19 office closure; the alleged five-day suspension; and any other discrete act Plaintiff intended to pursue in the action.

*Id.*; *see Naseer v. Islamic Found. of Greater St. Louis*, 4:24-cv-0356-HEA, 2024 WL 1434509, at *2 (E.D. Mo. Apr. 3, 2024); *cf. Coleman v. Correct Care Sols.*, 559 F. App'x 601, 602 (8th Cir. 2014) (per curiam). The Memorandum and Order advised Plaintiff that failure to timely comply may result in dismissal of the action without prejudice and without further notice. Doc. [10].

On August 26, 2026, Plaintiff filed her "Written Statement in Compliance with the Court's Order Regarding Proceedings and Compensatory Damages." Doc. [12].* In her written statement, Plaintiff asserts EEOC Appeal No. 2024003067 encompasses both the events of October 2019 and Defendant's refusal to allow Plaintiff to take her work monitors home during the COVID-19 pandemic. *Id.* With respect to the five-day suspension, Plaintiff states her supervisor "issued a formal proposal" to suspend Plaintiff on July 20, 2026, and that the suspension "relates directly to EEOC Appeal No. 2025001254, arising from an informal [EEOC] complaint initiated on March 2, 2026, and codified on June 12, 2026[.]" *Id.* Plaintiff alleges additional acts of discrimination occurred in February 2023 and May 2023, and a failure to remedy in January 2026. *Id.* Plaintiff did not file any documentation from the administrative proceedings in EEOC Appeal Nos. 2024003067 or 2025001254.

Plaintiff has not complied with the Court's order directing her to file the formal complaint, final agency decision, and EEOC decision in EEOC Appeal Nos. 2024003067 and 2025001254. Although Plaintiff filed a written statement purporting to identify which proceedings related to the

* The Court directed Plaintiff to supplement the record by June 15, 2026. Doc. [10]. On June 12, 2026, Plaintiff filed a motion for extension of time, requesting a 30-day extension. Doc. [11]. Plaintiff filed her supplementation on August 26, 2026. Doc. [12].

alleged discriminatory conduct, Plaintiff's statement raises more questions than provides answers. Specifically, Plaintiff states that the events of October 2019 are encompassed within EEOC Appeal No. 2024003067, despite these events being addressed in EEOC Appeal No. 2023000695. Doc. [1-3]. Further, Plaintiff's assertion that her retaliatory suspension occurred in July 2026, and as a result of EEOC Appeal No. 2025001254, leaves unanswered the nature of the conduct that formed the basis of EEOC Appeal No. 2025001254 and whether Plaintiff filed an EEOC charge related to her subsequent suspension.

The Court provided Plaintiff detailed instructions on what it expected her to file in support of her claims and explained why the documentation from the EEOC administrative proceedings must be filed. Doc. [10]. The Court cautioned Plaintiff that her case would be dismissed if she failed to comply with these instructions and allowed her additional time to file her response. Because Plaintiff failed to comply, the Court will dismiss this action without prejudice for failure to comply with the Court's May 15, 2026, Memorandum and Order. *See* Fed. R. Civ. P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

An Order of Dismissal will be entered herewith.

Dated this 6th day of November 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE